Nathan **METZ**, Appellant,

v.

**TUSICO**, Incorporated, Appellee.

No. 7432.

United States Court of Appeals Fourth Circuit.

Argued June 12, 1957.

Decided July 6, 1957.

David I. Absé, Washington, D. C. (Nathan L. Silberberg, Washington, D. C., on brief), for appellant.

H. Wise Kelly, Jr., Fairfax, Va., for appellee.

Before PARKER, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for defendant in an action to recover damages for breach of a warranty in a contract for the sale of land as to the availability of water. The case was heard without a jury by the judge who found in favor of the defendant on the ground that breach of warranty had not been shown. The judge in his findings did not specifically cover some matters which we think essential to a proper review by us of the case. We shall accordingly vacate the judgment appealed from and remand the case for further findings and with leave to the parties to adduce additional evidence if they desire to do so.

The warranty sued on related to a 32 acre tract of land capable of development as residential property, and was as follows:

"The seller herein warrants that water is available to the property along state route 626, or rear of the subject property."

There was evidence that there was water on one side of the property at a distance of 1500 feet, on another side at approximately the same distance, and on still another side at a distance of approximately 150 feet. None of these sources of water, however, belonged to the Virginia Water Company; and the evidence was to the effect that only that company could supply water to the tract in question under the regulations of the State Corporation Commission applicable thereto. The judge states in his findings that there was nothing in the record to show that the Commission would not have permitted the tapping of these sources. On the other hand, there is nothing to show that such tapping would have been permitted; and the facts with respect to this should be found before any of these possible sources be held to furnish an available supply of water within the meaning of the warranty.

There was evidence that the nearest point from which water could be obtained from the Virginia Water Company was 3350 feet distant. There should be a specific finding as to whether this provided water available to the property, when the language of the warranty is interpreted in the light of conditions and customs prevailing in the community. Little substantial evidence appears to have been offered as to this. There was some testimony that promoters of residential subdivisions had paid the cost of extending water mains for comparable distances, but the fact that a promoter, after consideration of the cost to him of the land and other factors, determines such expenditures to be economically feasible, does not suggest that such promoters would regard water as being available at the subdivision site prior to the installation of the extended main. In

the absence of testimony that the words had a technical meaning generally accepted in the trade in the community, water would not seem to be available within the meaning of the warranty if it had to be piped a distance of more than three-fifths of a mile at a cost of many thousands of dollars.

The judge adverts to the fact that a year or more after the sale of the land, the Virginia Water Company extended one of its mains along route 626 opposite this property without cost to the property owner. It does not appear that this would show that the warranty was complied with, in the absence of further facts as to which no finding was made. Findings should be made with regard to this matter, as well as to the effect of the extension, if any, on the damages recoverable by plaintiff, if there was a breach of the warranty.

Specific findings as to these and such other matters as the trial judge deems relevant should be made upon the remand, and an appropriate judgment entered thereon, with leave to the parties to adduce additional evidence if they so desire.

Vacated and remanded with directions.